Good morning, Your Honor. If it pleases the court, Edgar Pace for Mr. Sanchez. May I reserve two minutes for rebuttal? Yes, and let me just discuss the time briefly and this will apply to everybody. Let me know how much you'd like to reserve for rebuttal. Ultimately, you're responsible for your time, but I'll try to help you out. I'll try to watch and see if I can help out, but ultimately you're responsible. Thank you, Your Honor. I'd like to first address the supplemental authorities that Beppelli filed on Ford v. Plyler. On that case, the defendant did not object. They're not saying that the transcripts can't be used as a basis for equitable tolling, but what they're saying is that he didn't show that the legal materials, I'm reading from 590 F. 3rd 782 on 790. And on that page, they're stating that he never objected and that the posture is quite clear that regardless of when Ford's attorney provided him with the complete legal files, his alleged inability to access them cannot be the cause of his untimeliness since he did not need the legal materials they contained to file a timely habeas petition. Mr. Sanchez made several claims that would have required him to refer to the transcripts or in some way understand what was introduced into the evidence. And even when he obtained an attorney in the federal court, the first amended petition contained several citations to the record within the arguments that are being made. The trouble with it is that the district court didn't consider, in his denial of the granting of the motion to dismiss, the district court doesn't refer to that denying the equitable tolling based on the lack of the transcripts. So what we had asked for is for a remand for the district court to at least consider whether based on what was needed and what was claimed, if that would have been sufficient enough to have delayed the process. Because what happened is Mr. Sanchez did file, he filed within the time frame that is normally allowed in the state of California. Well, let's talk about that. I want to make sure I understand about the transcripts, because he received the transcripts, the trial transcripts in February of 2006? That's my understanding, Your Honor. Okay. But he failed to file his petition in federal court until December of 2006? He filed, he was exhausting his state rights before he- Well, that's I guess what we're trying to figure out. But he did not actually file the petition until December of 2006, is that correct? That was the date that he did file, yes. Okay. And so the standard for equitable tolling, which is what you're seeking, is that the petitioner must demonstrate both diligence and an extraordinary circumstance that prevented him from filing on time. And so that delay, I'm just trying to figure out, doesn't that delay demonstrate a lack of diligence and that the purported lack of transcripts didn't actually prevent him from filing timely? Or you could address that? If I may address that. Normally, the state petitioner files in the state court, and in the statute, AEDPA does allow for statutory tolling of the one-year time limitation while a timely petition is filed in the state court. So even though he waited until December of 2006 to file the federal petition, that time frame that he has a timely petition filed in the state court, it doesn't take away from that. It stops the clock during that time frame. What is your authority for that? Because it seems to me that your only chance here is to equitable tolling. Isn't that correct? Well, the only reason why the equitable, if I may first address the statutory tolling. There is statutory tolling in AEDP that allows once a timely petition is filed in the state court, it stops the clock, the federal clock. But what about the ten months delay that we're talking about here? Well, the time frame actually, he only used up nine months. Once his appeal was final, his appeal was denied in January of 2005 by the state court. The AEDP allows a 90-day window because he could have gone to the United States Supreme Court in that period of time. So it adds another 30 days. So even in the district court's opinion, he discusses that, that the April of 2006 is when it starts. And if he files it within April 26 of 2006 in federal court, he's filed a timely petition. I'm not sure I understand how you get there with statutory tolling. So I think you probably should focus your time on equitable tolling.  Because he timely filed, he filed, if I may cite to the authority cited by the appellee. It says that California has an unusual way of setting up the time limit of when you can file. You have the whole year in a non-capital. So when he approached the state court in April, excuse me, and in November of 2005, that's only six months of the one-year time limit that's used. So you have state time limit and you have the federal time limit. And once a state petition is filed, that time, the federal clock stops. And what's your authority for that?  So he's not late just because he filed. What was your authority for that? Yes. I believe it's actually mentioned in the magistrate's findings too. It's 28 U.S.C. 2254 D2 provides at the time during which a properly filed application for state post-conviction, and that's on the- But that's the whole question of properly filed application. That's why equitable tolling needs to come into play in this particular case. Talk to me about that. You have down to two minutes and 40 seconds. The reason why is because he received a, he properly filed his post-conviction petitions in the state court, and he was tolling time. He got a reasoned decision in the Supreme Court, in the Superior Court. He went to the second level. He got a no decision, it passed. He goes to the Supreme Court, and he's still within the time. He's only used up eight months of his time frame by the time he gets to the California Supreme Court. But the California Supreme Court did not agree with your argument, and they did not on timeliness grounds, did they not? Well, they did cite the Clark and Robbins, and that has been considered to be untimely. Although, as I mentioned in my request for additional briefing, I believe that the other two cases may call that into question. However, when he filed that, he believed he was still timely. And so, it wasn't until, and the surprise was, they waited seven months. This California Supreme Court waited seven months before they denied his petition. If they had promptly or immediately denied it, he still would have had time to resubmit it and also come to the federal court. But they didn't. They did not. And that's where the extraordinary circumstances come into play, because he was following- Why didn't he provisionally file his federal claim? I don't have an answer for that. Well, you have one minute and 13 seconds left, so why don't you want to reserve that for rebuttal? Okay. Paul O'Connor for Respondent. I'll focus on the issue of the trial transcript and whether that warrants equitable tolling. It's our position that the petitioner is not entitled to equitable tolling on that basis. The alleged absence of the complete trial transcript did not warrant equitable tolling. The factual basis of the state habeas claims would have been known by the filing of the opening brief in the state appeal, which was in April 2004. And petitioner first presented his state habeas claims in the Superior Court in October 2005 without the benefit of the complete trial transcript. He received the complete trial transcript in February of 06. And I have a detailed discussion of the state habeas petition at pages 13 and 14 of my brief. And just looking at page 14, it's clear from Sanchez's Superior Court habeas petition, he had access to significant legal materials, even if he did not have access to his complete file. And again, this state habeas petition was filed in October 2005 before he received his complete trial transcript in February 2006. Sanchez's Superior Court petition contained detailed factual allegations about the case. Indeed, the petition contains record citations and an excerpt from the reporter's transcript. The petition contains numerous legal citations. The petition also contains numerous exhibits related to the case. So he really received his file on February 10, 2006, nearly eight months before statute of limitations expired on October 5, 2006. Is that correct? Well, that's correct. He received the complete trial transcript in February 2006. And then I believe it's correct that the federal petition was filed in December of 2006. Yes, that's correct. The federal petition was filed in December 2006. But I did want to make this point that even at the time he filed his state Superior Court habeas petition in October 2005, he had significant legal materials. And he was able to use those materials to proffer his claims in October 2005 before he received the complete trial transcript in February 2006. So that means he did not need the complete trial transcript to set forth his claims. Because he was able to set forth those claims and support them with record citations and exhibits and so forth. Even before he got his complete trial transcript in February 2006. Let me ask you about the claim. A petitioner that he's entitled to equitable tolling because he was surprised at the result of the California Supreme Court. Yes, we disagree with that. The alleged unforeseeability of the California Supreme Court's timeliness ruling does not warrant equitable tolling. Where the law is unclear, the petitioner should err on the side of caution and file before the earlier deadline. Uncertainty is not an extraordinary circumstance. Uncertainty in the law is not an extraordinary circumstance. Such uncertainty does not prevent timely filing. And that's supported by the Flores case, the Fifth Circuit case cited in our brief. The Marcello case, the Seventh Circuit case cited in our brief. It's also supported by one of my supplemental authorities, Chafer, which is a Ninth Circuit case. In that case, Chafer relied on a mistaken view of the law, a mistaken view of the Saffold case. And that mistake by Chafer did not warrant equitable tolling. And likewise, Sanchez's mistake in this case, his mistaken view of California's timeliness requirement does not warrant equitable tolling. Just to get back to the trial transcript momentarily. Oh. I want to ask you a question. Sure. Because I think it's what you're arguing here. And I know you argued in your brief that Mr. Sanchez is not entitled to statutory tolling. Correct. Correct. And you submit that the ADPA deadline remained April 27, 2006? Well, yeah. We have two arguments. I mean, first of all, there's the argument that there's no statutory tolling for the district court agreed with that position. And even if the court accepts that position, the federal petition is untimely. Well, but if it is April of 2006, wouldn't this make it easier for Mr. Sanchez to demonstrate he's entitled to equitable tolling? Because if April 2006 was the deadline, then he received his trial transcripts fairly close to that deadline, didn't he? I think it was February 2006. Yeah. So wouldn't that make it easier to demonstrate a casual nexus between his failure to time the file and his lack of transcripts? Well, again, that would go to equitable tolling. This issue about the trial transcripts would go to equitable tolling. And what we're saying is he did not need the complete trial transcript to proffer his claims. He was able to proffer his claims in the state superior court in October 2005 without the benefit of the complete trial transcript, which he got in February 2006. And like I said, the superior court habeas petition, which was filed in October 2005, contains detailed factual allegations. It has exhibits which support his claims, like, for example, an investigator's report, an excerpt from respondent's brief, an excerpt from appellant's opening brief in the state appeal, Sanchez's request to his appellate counsel to raise additional grounds, appellate counsel's response, the state appellate court's opinion, state court dockets. So, I mean, he had access to a large amount of legal materials. And he was able to proffer detailed factual allegations and submit exhibits in support of his state superior court habeas petition in October 2005 before he got that complete trial. You don't think he's entitled to an evidentiary hearing on that issue? No, your honor, because clearly he does not deserve equitable tolling under the Holland standard. I mean, there were no extraordinary circumstances which stood in his way and prevented timely filing. He was able to file his superior court habeas petition before he got the full trial transcript. And like I say, support that with exhibits and that type of thing. Also, I wanted to mention Ford v. Plyler, one of my supplemental authorities. I think this also supports us on this issue of the trial transcript because in Ford, the court said regardless of when Ford's attorney gave Ford his complete legal files, Ford's inability to access them cannot be a basis for his untimeliness since he did not need the complete files to file a timely petition. So the district court correctly denied equitable tolling. Likewise, in the present case, Petitioner Sanchez did not need the complete trial transcript to litigate his state habeas claims. I also wanted to mention I have included the superior court habeas petition in my supplemental excerpts of record. It's tab number two in my supplemental excerpts of record. And the court can review the superior court petition and can see there are these detailed allegations concerning what went on at the trial. And there are numerous case citations. And let's see. And let me get to the exhibits here. I mean, he refers to exhibits. Here we go. Exhibit A, report of an investigation by Petitioner's trial counsel. Exhibit B, attorney general's response as part of our respondent's brief. Exhibit C appears to be an excerpt from the reporter's transcript. Exhibit D, appellate counsel's grounds raised on appeal. That's an excerpt from appellant's opening brief from the state appeal. Let's see. Exhibit E, Petitioner's request to his appellate counsel to raise additional grounds. So letters from Petitioner to his appellate counsel, state appellate counsel. Let's see. Just bear with me for a moment. I mean, lengthy detailed letters. Let's see. The state appellate lawyer's response. We have reviewed the materials. OK, OK. All right. So at any rate, the bottom line really is that Mr. Sanchez was able to litigate his state habeas claims in the state superior court without the benefit of his complete trial transcript. So there's been no showing that the lack of the complete trial transcript prevented him from timely filing his state habeas petition or timely filing his federal habeas petition. With that, if there are no questions from the panel. No questions. Thank you. Appellate keeps saying that he was able to file his petition. The trouble is we don't know the timing of when he kept receiving those records. The California Supreme Court said he wasn't timely. And the only untimeliness was it took him six months or actually if you include the other three months, it took him nine months to file his first petition. And so the case that Appellee cited in his supplemental letter, Schaffer, actually on page on footnote one, it says California has not provided any guidance as to what constitutes a timely non-capital habeas petition. And so number one, we don't know how long those records were strung in for him to use, receive and use. And secondly, and that's the reason why we're asking for the remand so we can actually determine how diligent he was. But second of all, it's the California Supreme Court's denial of his petition then created a chain reaction that made him untimely because AEDPA would have allowed that time to be told and he would have filed his federal petition timely. I see my time is up and I appreciate it. Thank you very much. Thank you both for your presentations here today. The case is submitted.
judges: Fletcher, Nelson, Murguia